Bradley L. Dunn (AZ Bar No. 028897)
M. Victoria Smith (AZ Bar No. 036334)
HINSHAW & CULBERTSON LLP
2375 East Camelback Road, Suite 410
Phoenix, AZ 85016
(602) 631-4400
bdunn@hinshawlaw.com
msmith@hinshawlaw.com

Sondra A. Hemeryck (*pro hac vice*)
Eli J. Litoff (*pro hac vice*)
Riley Safer Holmes & Cancila LLP
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
(312) 471-8700
shemeryck@rshc-law.com
elitoff@rshc-law.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Anton Anderson, Bethel Banabu, Anant Bhattacharya, Jennifer Bummer, Kevin Chapa, Azia Charles, Candice Chen; Shawn Day, Molly Earnhardt, Blake Falls, Adela Gallegos, Norbertha Garcia, Flipe Ginza, Kana Ginza, Rick Gonzalez, Chris Hall, Cairen Howard, Cameron James, Lok Sum Ida Lau, Jennifer Lee; Joshua Lim, Daniel Madison, Sawyer Mills, Young Noh, Jacklyn Pope, Felicia Ragsdale, Jackie Taylor, Paige Texas, Brianna Tittle, Jenesis Tucker, Christian Turner, Jon Watkins, and Jonathan Wizard,

Plaintiffs,

vs.

Westwind School of Aeronautics Phoenix, LLC d.b.a. United Aviate Academy, a Delaware limited liability company, and United Airlines, Inc., a Delaware corporation,

Defendants.

Case No. 2:25-cv-00923-SHD

**DEFENDANT WESTWIND SCHOOL OF AERONAUTICS PHOENIX, LLC D.B.A. UNITED AVIATE ACADEMY'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Westwind School of Aeronautics Phoenix, LLC d.b.a. United Aviate Academy ("UAA"), by and through the undersigned, hereby moves the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all the claims asserted against UAA in Plaintiffs' Second Amended Complaint (*i.e.*, Plaintiffs' First through Sixth Claims for Relief) in their entirety and with prejudice. The grounds in support of this Motion are set forth in the following Memorandum of Points and Authorities.

**INTRODUCTION**

Thirty-three Plaintiffs have sued Defendants UAA and United Airlines, Inc. ("United") in connection with their attendance at UAA's flight school between 2021 and 2025. Plaintiffs claim Defendants falsely represented that UAA's program would allow them to obtain the certifications necessary to become commercial airline pilots within one year, and assert against both Defendants causes of action for: (1) violation of the Arizona Consumer Fraud Act ("ACFA"); (2) negligent misrepresentation; (3) fraudulent misrepresentation; (4) fraudulent inducement; (5) negligence; and (6) civil conspiracy. *See generally* Second Am. Compl. (ECF 16, hereafter "Compl.").[1]

Federal Rule of Civil Procedure 9(b), which applies to all the asserted claims, requires Plaintiffs to allege, for each Plaintiff, the "who, what, when, where and how" of the purported misrepresentations on which that Plaintiff's claims are based. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The Complaint fails to allege the purported fraud with the particularity required by Rule 9(b) for 29 of the 33 Plaintiffs. In addition, the Complaint fails to plausibly allege the essential elements of the asserted claims as to *any* Plaintiff, and several Plaintiffs are barred by the applicable statutes of limitations from asserting certain of the claims. The Plaintiffs' Complaint against UAA should therefore be dismissed, with prejudice.[2]

---

[1] Plaintiffs also assert a seventh count, for "aiding and abetting," against United alone. That claim is addressed in the separate Motion to Dismiss being filed by United.

[2] UAA has also moved this Court to compel Plaintiffs Anant Bhattacharya, Kevin Chapa, Candice Chen, Shawn Day, Cameron James, Jennifer Lee, Joshua Lim, Daniel Madison, Young Noh, Jackie Taylor, Brianna Tittle, Jenesis Tucker, and Jon Watkins (collectively

## BACKGROUND

UAA is a flight training school that offers a program for students seeking to obtain the qualifications necessary to become commercial pilots. Compl. ¶¶ 1, 54. Plaintiffs allege they enrolled in UAA's program at varying times, based on representations that they could complete their training and obtain the required certifications to become commercial pilots within one year. *Id*. Plaintiffs claim they were unable to complete the program within the promised timeframe due to UAA's alleged failure to provide adequate resources. *Id.* ¶¶ 63, 76, 77. Each of the Plaintiffs ultimately left UAA under differing circumstances—the Complaint alleges some Plaintiffs were "expelled" from the program, others apparently left voluntarily, and some completed the program. *See, e.g.*, *id.* ¶ 130 (expelled); ¶ 174 ("left the program"); ¶ 303 ("completed the program").

Plaintiffs allege that Defendants made the purported misrepresentations to Plaintiffs through various channels, including websites, emails, social media, commercials, advertisements, and "other marketing materials and campaigns." *See, e.g.*, *id.* ¶¶ 56, 203, 497. But the Complaint's general allegations include only carefully cropped excerpts from two emails, one website, and a few enrollment documents, none of which are connected to any specific Plaintiff at a specific time, while the Plaintiff-specific sections of the Complaint include only a handful of cherry-picked quotes from admission letters, emails, student handbooks and "prep" packets, for only a small minority of Plaintiffs. *See, e.g.*, *id.* ¶¶ 98, 296, 319, 486. For most Plaintiffs, the Complaint does not include any quotes from or provide any details as to the content of any purported emails, social media, commercials, advertisements, or marketing materials.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint that fails

---

the "Arbitration Plaintiffs") to pursue their asserted claims (if at all) in arbitration, as provided by the Student Catalog Acknowledgement to which they expressly agreed. *See* Mot. to Compel Arbitration (ECF 19). In the event this Court does not grant that motion, however, UAA hereby moves in the alternative pursuant to Federal Rule 12(b)(6) for dismissal of the Arbitration Plaintiffs' claims.

to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings that merely contain "a formulaic recitation of the elements of a cause of action" do not satisfy this standard; rather, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court must accept well-pleaded facts set forth in the Complaint, but must disregard any bald assertions, subjective characterizations, or legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Additionally, because each of Plaintiffs' claims sounds in fraud, Plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Vess*, 317 F.3d at 1107; *Dale v. Bank of Am. Corp.*, No. CV-13-01171-PHX-ROS, 2014 WL 11514552, at *3 (D. Ariz. Sept. 4, 2014), *aff'd*, 687 F. App'x 617 (9th Cir. 2017) (dismissing claims for consumer fraud under ACFA, negligent misrepresentation, and common law fraud because plaintiff did not satisfy Rule 9(b)); *United States v. IASIS Healthcare LLC*, No. CV-15-00872-PHX-JJT, 2016 WL 6610675, at *14 (D. Ariz. Nov. 9, 2016) (dismissing civil conspiracy claim for failure to satisfy Rule 9(b)). Thus, Plaintiffs "must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), and must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). To avoid dismissal, Plaintiffs must provide "the who, what, when, where, and how" of the misconduct alleged. *Vess*, 317 F.3d at 1106.

## ARGUMENT

### I. Plaintiffs' Failure to Plead with Particularity Requires Dismissal of The Claims of 29 Plaintiffs.

For 29 of the 33 Plaintiffs, the Complaint fails to provide at least one of the specific allegations required by Rule 9(b)—*i.e.*, the "who, what, when, where, and how" of the

misconduct charged. *Vess*, 317 F.3d at 1106. Six Plaintiffs fail to allege any of the five,[3] six Plaintiffs fail to allege at least three,[4] seven Plaintiffs fail to allege at least two,[5] and ten Plaintiffs fail to allege at least one of Rule 9(b)'s requisite particularities.[6] Accordingly, the claims of each of these 29 Plaintiffs should be dismissed.[7]

**A. Plaintiffs Fail to Allege the "What" of Their Claims With Particularity.**

Rule 9(b) requires a plaintiff to plausibly allege the "specific content of the false representations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Where a complaint fails to include specific allegations as to the actual words that are purportedly false, it lacks the specificity required by Rule 9(b) and should be dismissed. *Id.* (complaint did not satisfy Rule 9(b) where it did not attach the allegedly fraudulent legal notices and "contain[ed] not a word of the notices' specific contents"); *Arnold & Assocs., Inc. v. Misys Healthcare Sys., a div. of Misys, PLC*, 275 F. Supp. 2d 1013, 1029 (D. Ariz. 2003) (dismissing claim pursuant to Rule 9(b) where "Plaintiff completely fail[ed] to allege the specific content of the statements").

Here, the Complaint's "General Allegations" allege that "UAA and United represented to potential students, including Plaintiffs, that UAA provided an intensive program to obtain FAA classification necessary to become a commercial pilot in 12 months." Compl. ¶ 54. In Figures 2–6 of the Complaint, Plaintiffs provide screenshots of

---

[3] These Plaintiffs are Bethel Banabu, Azia Charles, Candice Chen, Jackie Taylor, Jenesis Tucker, and Jonathan Wizard.

[4] These Plaintiffs are Kevin Chapa, Shawn Day, Chris Hall, Joshua Lim, Sawyer Mills, and Paige Texas.

[5] These Plaintiffs are Anant Bhattacharya, Rick Gonzalez, Cameron James, Lok Sum Ida Lau, Jennifer Lee, Brianna Tittle, and Christian Turner.

[6] These Plaintiffs are Jennifer Bummer, Molly Earnhardt, Blake Falls, Adela Gallegos, Norbertha Garcia, Flipe Ginza, Kana Ginza, Young Noh, Felicia Ragsdale and Jon Watkins.

[7] The claims relating to the other four Plaintiffs—Anton Anderson, Cairen Howard, Daniel Madison and Jacklyn Pope—should be dismissed because the allegations fail to state a claim for the reasons set forth *infra* at 5-8 and 13-19. In addition, certain of the claims asserted by Anderson, Madison and Pope are barred by the applicable statute of limitations. *Infra* at 20-21.

portions of an email (Fig. 2), website (Fig. 3), enrollment agreement (Fig. 4), student handbook (Fig. 5), and an admission letter (Fig. 6), where Defendants purportedly made false representations that the program could be completed in 12 months. *Id.* ¶¶ 57–58, 60–62. Yet these screenshots either fail on their face to support Plaintiffs' allegations, or have been misleadingly excerpted by Plaintiffs to conceal important context that defeats their claims.

For instance, the excerpts of an enrollment agreement and admission letter in Figures 4 and 6 expressly state that the referenced timeframe is only the "[a]verage" or "estimated" time to completion. *Id.* ¶ 60, 62. In Figure 3, Plaintiffs provide a screenshot of a portion of the UAA website, captured at an unidentified time, showing Steps 2 through 4 of a process. *Id.* ¶ 58. Step 2 contains text reading "Start your training – 3 months," and Step 4 contains text reading "Finish your pilot training – 9 months." *Id.* Based on this depiction, Plaintiffs allege that the website falsely "represented that students would be able to complete the program within 12 months." *Id.* But the full context belies this allegation. The fourth step in the screenshot, which references a 9-month period to finish pilot training, contains a down-arrow symbol ("∨") that, when clicked, maximizes Step 4 to depict additional context surrounding the statement. *See* Declaration of Mina Ching, attached as Exhibit 1, at p. 21.[8]

---

[8] The Court may consider the captures of UAA's website attached to this Declaration on two separate bases. First, the Court may take judicial notice of the webpages because they were obtained from the Internet Archive's Wayback Machine. *See United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016), *aff'd* 726 F. App'x 660 (9th Cir. 2018) ("[D]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule, as we do here."). Second, the Court may consider the webpages under the incorporation by reference doctrine because the Complaint incorporates and expressly relies on UAA's website as the source of alleged misrepresentations. *See Mayfield v. City of Mesa*, No. CV-22-02205-PHX-JAT, 2023 WL 7018051, at *5 (D. Ariz. Oct. 25, 2023) (document is incorporated by reference if it forms the basis of plaintiffs' claim or if the complaint refers to it extensively); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material."); *Della v. Colgate-Palmolive Co.*, No. 23-CV-04086-JCS, 2024 WL 457798, at *16 (N.D. Cal. Feb. 6, 2024) (considering webpage under the incorporation by reference doctrine and stating "[t]here is no doubt that when a plaintiff

The full description of Step 4 clearly states that it is depicting only a "general" timeline, and that actual "timing may vary." *Id.* Plaintiffs' cropped screenshot also omits Step 5 of the process, which described an additional certification—with a general timeline of 18 months to complete—before students would be certified to be a commercial pilot. *Id.*

The full context of the statement that Plaintiffs highlight in the single page from UAA Student Handbook depicted in Figure 5 (Compl. ¶ 61) similarly refutes their allegations. That statement appears in a section of the 2021–2022 Handbook discussing "campus life" and UAA's "commitment to the best psychologically safe environment," not the details of the training program itself, much less a commitment to any timeframe. *See* Declaration of Suzanne Alipourian-Frascogna, attached as Exhibit 2, at ¶¶ 4–5 and Ex. A at p. 42.[9] The section of the Handbook that actually *does* relate to the details of the training program explicitly states that the UAA program is "**approx**. 12 months…Although **every student's training time will be different** since everyone has a different pace for learning." *See id.*, Ex. A at p. 20 (emphasis added).[10]

Likewise, Plaintiffs' Figure 2 shows only a portion of a purported email, with no information as to when it was sent, by whom it was sent, or to whom it was sent. Compl. ¶ 57. Indeed, Figure 2 does not even include the full sentence containing the phrase

---

asserts claims that directly challenge statements on a defendant's website as misleading, the website (or at least, the webpage) where the statement appeared is subject to judicial notice so long as there is no dispute about its authenticity.").

[9] Notably, this "campus life" section of the Handbook only appears in the 2021-2022 version of the Handbook; it does not appear in the 2023 and 2024-2025 versions of the Handbook. *See* Ex. 2, Decl. of Suzanne Alipourian-Frascogna at ¶ 6.

[10] As with the captures of the UAA website, the Court can consider the full Handbook under the incorporation by reference doctrine because the Complaint incorporates and expressly relies on the Handbook as the source of alleged misrepresentations. *See G.N. v. Life Ins. Co. of N. Am.*, No. 20-CV-08907-HSG, 2021 WL 2633404, at *2 (N.D. Cal. June 25, 2021) (considering a whole handbook under the incorporation by reference doctrine where the complaint relied on the handbook, but the plaintiffs only included an excerpt instead of the whole document); *Brown v. China Integrated Energy, Inc.,* 875 F. Supp. 2d 1096, 1108 (C.D. Cal. 2012) (considering, under the incorporation by reference doctrine, a report that was described at length in the complaint and the source of many of plaintiffs' factual allegations).

"rigorous, year-long program" on which Plaintiffs purport to base their claims. *Id.*

In short, in each instance in the Complaint where Plaintiffs purport to allege the specific content of an allegedly false representation, they neither accurately nor completely allege "what" was actually said.[11]

Moreover, the Complaint contains almost no allegations linking any of the screenshots in Figures 2–6 to any of the 33 Plaintiffs. Only two Plaintiffs (Howard and Pope) allege that they received an email that included a reference to "a rigorous, year-long training program." *Id.* ¶¶ 319, 441. There are no allegations that any Plaintiff viewed the website screenshot identified as Figure 3. Only five Plaintiffs make any reference to their enrollment agreements (which, again, refer to an "[a]verage" time to completion). *Id.* ¶¶ 99 (Anderson); 123 (Bhattacharya); 285 (Ginzas); 308 (Hall). There are no allegations that any Plaintiff viewed the Handbook language depicted in Figure 5. (Three Plaintiffs—Anderson, Gonzalez, and Pope—allege that the Handbook includes the highlighted language, but none allege that he or she actually viewed, much less relied on, that statement. *Id.* ¶¶ 100, 296, 442.) And only three Plaintiffs include allegations about their admissions letters (which, again, reference only an "estimated" length of the program). *Id.* ¶¶ 284 (Ginzas); 391 (Madison).

Several of the remaining Plaintiffs—10 of the 33 total—merely allege in a vague and conclusory fashion that Defendants represented that "it would be [or was] a 12-month program," or that students could fly "five days a week," or, even more vaguely, that the program was "committed to training," or that the program was the "fastest" or "accelerated" path to becoming a United pilot. *Id.* ¶¶ 109 (Banabu); 201 (Chapa); 177 (Charles); 204 (Day); 376 (Lim); 410 (Mills); 463 (Taylor); 473–74 (Texas); 494 (Tucker); 530, 532–33

---

[11] The Complaint also includes a screenshot from an unidentified source containing what appears to be a loan disbursement schedule. *See* Compl. ¶ 67. The Complaint does not explain how or why this statement is supposedly false, nor does it allege which Plaintiffs, if any, viewed the statement or when. This is presumably because the source and full context shows the schedule is *not* in fact misleading, as it is from the same student handbook excerpted in Figure 5 that includes the "every student's training time will be different" qualifying language. *See* Ex. 2, Decl. of Suzanne Alipourian-Frascogna, Ex. A at p. 27.

(Wizard). None of these Plaintiffs identifies the "specific content" of any representation made to them, let alone sets forth either Defendant's actual words. *See Edwards*, 356 F.3d at 1066. And one Plaintiff, Candice Chen, alleges only that she "joined the program based on [wholly undefined] representations made by United and UAA through their websites, social media, and email communications." *Id.* ¶ 187.

Plaintiffs' allegations with respect to these 11 Plaintiffs are analogous to those in *Williamson v. Allstate Ins. Co.,* 204 F.R.D. 641, 645 (D. Ariz. 2001). There, the plaintiff alleged that Allstate represented its insurance policies "provided that it would treat its customers 'fairly, honestly, reasonably, promptly and courteously.'" *Id.* at 643. The plaintiff alleged that these statements were false because, in reality, Allstate had "adopted a corporate policy of 'underpaying claims, forcing its insureds to litigation and denying valid claims and benefits.'" *Id.* The court dismissed the fraud claims for failing to allege any false statements with particularity. *Id.* at 645. The court explained that while plaintiff had alleged that Allstate "made statements which misrepresented the benefits or advantages of its insurance policies, Plaintiff has failed to identify the content of any alleged misrepresentation," and thus did not satisfy Rule 9(b). *Id.* The same is true here. Plaintiffs vaguely allege that Defendants misrepresented the benefits of attending UAA's flight school but have failed to allege the specific content of any false statement made to any of these Plaintiffs. This pleading failure requires dismissal of their claims.

**B. Plaintiffs Fail to Allege the "Who" of Their Claims With Particularity.**

Nine Plaintiffs fail to satisfy Rule 9(b)'s most basic requirement—alleging which Defendant supposedly made a misrepresentation. Instead, these Plaintiffs lump Defendants together, alleging that "UAA and United" made "representations." This improper group pleading requires dismissal.

"The Ninth Circuit has repeatedly emphasized that 'Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'"

*In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 744 F. Supp. 2d 1018, 1025 (D. Ariz. 2010) (collecting cases); *see also Lalangan v. Pennington*, No. CV-20-00292-TUC-JCH, 2022 WL 504477, at *4 (D. Ariz. Feb. 18, 2022) (dismissing claim where "Plaintiff fail[ed] to allege with any factual specificity which Defendant made a representation to him"); *In re Arizona Theranos, Inc., Litig.,* 256 F. Supp. 3d 1009, 1025 (D. Ariz. 2017) (finding that "allegations that 'defendants' (with no delineation as to which defendant) made the misrepresentation in question" failed to meet Rule 9(b)'s requirements); *Riehle v. Bank of Am*., N.A., No. CV-13-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013) ("A plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title 'Defendants.' Such group pleading is not allowed.").

In the sections of the Complaint purporting to describe each of the 33 Plaintiffs' individual claims, nine Plaintiffs allege only that "UAA and United" made "representations." *Id.* ¶¶ 109, 111 (Banabu); 177, 179 (Charles); 187 (Chen); 306, 307 (Hall); 376, 378 (Lim); 410, 411 (Mills); 463, 465 (Taylor); 494, 497 (Tucker); 530–31 (Wizard). These allegations constitute impermissible group pleading and fail to give either Defendant notice of who allegedly made any purported false statement. Accordingly, these Plaintiffs' claims should be dismissed pursuant to Rule 9(b).

**C. Plaintiffs Fail to Allege the "When" of Their Claims With Particularity.**

Twenty-six Plaintiffs fail to allege with the required particularity *when* either Defendant made an allegedly false statement. As one judge in this district has recognized, "an exact date as to when a misrepresentation was stated is vital" to both satisfying Rule 9(b) and determining statute of limitations issues. *Shupe v. Cricket Commc'ns, Inc.*, No. CV1301052TUCJASEJM, 2014 WL 12987161, at *5 (D. Ariz. Oct. 16, 2014), *report and recommendation adopted,* No. CV 13-1052-TUC-JAS, 2014 WL 6983245 (D. Ariz. Dec. 10, 2014). Where a complaint provides no specificity as to the timing of allegedly false statements, it should be dismissed. *Id.* (dismissal was warranted, in part, because the complaint merely alleged that the false advertisements occurred "from the years 2009 through the present"); *Arnold & Assocs., Inc.*, 275 F. Supp. 2d at 1029 (dismissing claim

under Rule 9(b) where the complaint did "not specify a particular date or time, but instead broadly state[d] that Defendant made the alleged representations '[i]n the fall of 2002.'") (alteration in original).

Here, the Complaint contains no allegations whatsoever regarding when any purported representations were made or perceived by eight of the 33 Plaintiffs.[12] Another 18 Plaintiffs allege only an approximate timeframe when the representations were made. Compl. ¶¶ 122 (Bhattacharya); 135 (Bummer); 154 (Chapa); 199 (Day); 218 (Earnhardt); 230, 232 (Falls); 250 (Gallegos); 269–71 (Garcia); 294 (Gonzalez); 304, 308 (Hall); 335–36 (James); 351 (Lau); 365 (Lee); 422–28 (Noh); 486–87 (Tittle); 504, 513 (Turner); 520 (Watkins); 532 (Wizard). For example, one Plaintiff, Jennifer Bummer, alleges she saw "a commercial that aired between December [of an unspecified year] and January of 2023." *Id.* ¶ 135. But this too is insufficient. It is no more specific than the timing allegation rejected by the court in *Arnold & Assocs., Inc.*, where the plaintiff merely alleged the statements were made in the fall of 2002. 275 F. Supp. 2d at 1029. This pleading failure also necessitates dismissal.

**D. Plaintiffs Fail to Allege the "Where" and "How" of Their Claims With Particularity.**

The Complaint also largely fails to provide the requisite specificity regarding where and/or how the alleged representations were made or perceived. Twenty-two Plaintiffs vaguely allege that Defendants made unspecified representations at unspecified times through their "websites," "social media," "emails," "commercials," and/or "other" or "various" "marketing" and "advertising" "materials," "mechanisms," or "campaigns." Compl. ¶¶ 111 (Banabu); 125 (Bhattacharya); 153, 156–57 (Chapa); 179 (Charles); 187 (Chen); 203 (Day); 283 (Ginzas); 293–94 (Gonzalez); 306–07 (Hall); 332 (James); 348–49 (Lau); 357, 360 (Lee); 378 (Lim); 411–12 (Mills); 453 (Ragsdale); 465 (Taylor); 475 (Texas); 485 (Tittle); 497 (Tucker); 510 (Turner); 531–32 (Wizard). The Complaint contains no accompanying allegations specifying which website, any particular social

[12] These Plaintiffs are Banabu, Charles, Chen, Lim, Mills, Taylor, Texas, and Tucker.

media message, any particular email, or any particular marketing and advertising materials in which the alleged representations appeared.[13]

These pleading failures are similar to those in *James Erickson Fam. P'ship LLLP v. Transamerica Life Ins. Co.,* No. CV-18-04566-PHX-DWL, 2019 WL 1755858, at *4 (D. Ariz. Apr. 19, 2019), where the court dismissed the plaintiff's ACFA claim. Just like the Plaintiffs' vague references to websites, social media, and advertising and marketing materials in this case, the plaintiff in *James Erickson* alleged that Transamerica made representations in "annual updates," a "prospectus," "annual illustrations," "marketing documents," and other similarly vague locations. *Id.* The court held that these were not sufficient "allegations regarding when or where Transamerica made its misrepresentations." *Id.* Rather, the allegations were "so vague, they give Transamerica insufficient notice of the particular misconduct" alleged, warranting dismissal. *Id.*

Courts have dismissed fraud claims in similar circumstances where the complaint lacks specificity as to where and how the defendants made the representations. *See, e.g.*, *Apache Oxy-Med, Inc. v. Humana Health Plan, Inc.*, No. CV 06-0428-PHX-MHM, 2006 WL 3742169, at *4 (D. Ariz. Nov. 30, 2006) (finding Rule (9)(b) was not satisfied where the "place" element of the fraudulent conduct was "overly vague" and did not inform the defendant of where such conduct took place); *Arnold & Assocs., Inc.*, 275 F. Supp. 2d at 1029 (dismissing claim under Rule 9(b) where plaintiff did not plead specifics "regarding where Defendant made its representations or under what circumstances"). In sum, Plaintiffs' vague and generalized references to websites, social media, marketing materials, videos, and the like do not satisfy Rule 9(b)'s requirement to allege with particularity where and how the supposed misrepresentations were made. For this reason as well, the claims should be dismissed.

---

[13] As to three Plaintiffs, the Complaint alleges that they saw a "post" of a "graduation ceremony," but does not allege *how* it impacted them, other than to assert that it generally provided them with "confidence in the program," or even more vaguely, "credibility to the public view." *Id.* ¶¶ 161-62, 253, 361-62.

## II. Plaintiffs Fail to State Any Plausible Claim to Relief.

In addition to failing to satisfy Rule 9(b)'s particularity requirements, Plaintiffs' vague and conclusory allegations fall well short of the *Iqbal* and *Twombly* plausibility standard. Plaintiffs have failed to adequately allege multiple essential elements of their claims, and the Complaint should be dismissed for that reason as well.

### A. Plaintiffs Fail to Plausibly Allege a Violation of the ACFA.

To state a claim under the ACFA, a plaintiff must show (1) a false promise or misrepresentation made in connection with the sale or advertisement of merchandise, and (2) consequent and proximate injury resulting from the misrepresentation. *Castle v. Barrett-Jackson Auction Co., LLC*, 276 P.3d 540, 542 (Ariz. Ct. App. 2012). Additionally, "[f]or the false advertisement to cause the injury, the hearer must actually rely on the advertisement." *Adelman v. Rheem Mfg. Co.*, No. 2:15-CV-00190 JWS, 2015 WL 4874412, at *6 (D. Ariz. Aug. 14, 2015).

As outlined above, many Plaintiffs have failed to allege which Defendant made any purported representations, let alone any *mis*representations. Without the specific content of the alleged representations and the surrounding circumstances, Plaintiffs' ACFA claim consists only of conclusory allegations that are not sufficient to state a claim. *See Lowry v. EMC Mortg. Corp.*, No. CV-11-08177-PCT-JAT, 2013 WL 841326, at *4 (D. Ariz. Mar. 6, 2013), *aff'd,* 710 F. App'x 752 (9th Cir. 2018) (dismissing ACFA claim based on conclusory allegations that defendant's representations were "knowingly false, deceitful, misleading and damaging to Plaintiffs," without alleging sufficient facts to support the conclusion).

Moreover, Plaintiffs fail to allege facts showing their actual reliance on the representations and resulting injury. Plaintiffs allege in conclusory fashion that "Defendants' misrepresentations concerned the fundamental qualities of the [education services], such that it cannot be said a consumer did not rely on the misrepresentations when choosing to purchase the advertised services." Compl. ¶ 548. But the Complaint contains no facts to support the conclusion that the (unspecified) representations were

"fundamental," nor would such a conclusion show *actual* reliance by each Plaintiff in any event. Prospective students may choose to attend a school for any number of reasons—cost, location, reputation, etc.—and the conclusion that the one-year nature of the program was "fundamental" to all prospective students is just that—a conclusion, not a fact. Plaintiffs' failure to allege facts supporting their actual reliance warrants dismissal. *See, e.g.*, *Quinalty v. FocusIT LLC*, No. CV-23-00207-PHX-JJT, 2024 WL 342454, at *6 (D. Ariz. Jan. 30, 2024) (dismissing ACFA claim where plaintiffs made the conclusory allegation that they "relied on the affirmatively misrepresented and concealed facts" but "fail[ed] to allege any facts" to support that conclusion).

Without sufficient allegations regarding each Plaintiff's actual reliance, it follows that there were no resulting injuries from their purported reliance. In fact, one Plaintiff, Cairen Howard, alleges that he completed the program in one year. Compl. ¶¶ 314, 325 (alleging that Plaintiff Howard began the program in March 2022 and completed the program in March 2023). Plaintiff Howard therefore suffered no injury from the Defendants' alleged representations that the program could be completed in one year when he *did* complete the program in one year.

### B. Plaintiffs Fail to Plausibly Allege the Essential Elements of Their Common Law Claims.

#### i. Choice of Law.

Plaintiffs are residents of 11 different states. To determine what state's laws apply to each Plaintiff's claims, the Court would consider the factors found in the Restatement of Torts, including: "(a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations; (b) the place where the plaintiff received the representations; (c) the place where the defendant made the representations; (d) the domicile, residence, nationality, place of incorporation and place of business of the parties; (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time; and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant." *Ares*

*Funding, LLC v. MA Maricopa, LLC,* No. CV 06-1102-PHX-ROS, 2007 WL 9724059, at *2 (D. Ariz. Nov. 14, 2007).

But the Complaint's deficiencies make it impossible to conduct this analysis. As explained above, for most Plaintiffs, the Complaint does not allege the specifics of where the purported misrepresentations were made, where they were received by Plaintiffs, where the alleged injuries occurred, or any other details. As a court in this district explained when confronted with a similar situation:

> Any attempt by the Court to begin the cumbersome process of choosing the substantive law to apply to the individual Plaintiffs' common law claims in this case exposes the FAC's deficiencies in stating these claims. To begin with, the Court cannot apply the Restatement § § 145 and 146 factors because the FAC fails to state where each individual injury occurred-Plaintiff's home state, Arizona, or elsewhere-or where the conduct causing each individual injury occurred-Defendant's home state, Plaintiff's home state, or elsewhere. Likewise, under Restatement § 148, the FAC fails to allege in what state the alleged false statements were made, and if Plaintiffs' actions in reliance on those statements took place in the same state or elsewhere. Instead, the FAC alleges in generalities that all Defendants caused injuries and made false statements to all Plaintiffs in any number of states. As a result, the Court cannot conduct any choice of law analysis at this point.

*Barba v. Seung Heun Lee*, No. CV 09-1115-PHX-SRB, 2009 WL 8747368, at *11 (D. Ariz. Nov. 4, 2009). Accordingly, for simplicity, the sections below analyze the claims under Arizona law. But UAA does not waive, and expressly reserves, the right to argue that differing state laws apply to the claims of different Plaintiffs.

ii. <u>Plaintiffs Fail to Plausibly Allege Negligent Misrepresentation and Negligence.</u>

A negligent misrepresentation claim requires that (1) the defendant supplied the plaintiff with false information; (2) the defendant intended that the information would "guide" the plaintiff in his decision making; (3) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff relied upon the information; (5) the plaintiff's reliance was justified; and (6) the plaintiff suffered damage; (7) caused by his reliance. *Lalangan*, 2022 WL 504477, at *3. Fatally for Plaintiffs' claims, however, "[a] promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." *Hunter v. CitiMortgage, Inc.*, No.

CV 11-01549-PHX-FJM, 2011 WL 4625973, at *4 (D. Ariz. Oct. 5, 2011) (citing *McAlister v. Citibank (Arizona), a Subsidiary of Citicorp*, 171 Ariz. 207, 215, (Ct. App. 1992)); *see also Arnold & Assocs., Inc.*, 275 F. Supp. 2d at 1029 ("The alleged misrepresentations in this case involve promises concerning future events. … As such, Plaintiff's negligent misrepresentation claim is insufficient to survive dismissal.").

Here, although alleged only vaguely and without the full context of any specific content, Plaintiffs claim they were told that "students *would be* able to complete the program within 12 months." Compl. ¶ 58 (emphasis added). Plaintiffs' theory is thus centered on Defendants' purported promise—again, largely devoid of any allegations regarding the specific content or surrounding circumstances—that they *would* (*i.e.*, in the future) provide the resources necessary for students to complete the program in one year. *Id.* ¶¶ 73, 76–77. Because Plaintiffs' negligent misrepresentation claim is premised on this purported (though insufficiently alleged) promise of future conduct, it fails as a matter of law. *See Hunter*, 2011 WL 4625973, at *4 (dismissing negligent misrepresentation claim where the representations related to promises of future conduct); *McAlister*, 171 Ariz. at 215 (same); *Smith v. JPMorgan Chase Bank*, No. CV-11-8046-PCT-DGC, 2011 WL 3235843, at *4 (D. Ariz. July 28, 2011) (same).

The negligent misrepresentation claim also fails because Plaintiffs have not adequately alleged justifiable reliance. As explained above with respect to the ACFA claim, Plaintiffs failed to plead their actual reliance on any misrepresentation, so it goes without saying they cannot meet the higher standard of showing that their purported reliance was *justified*. *See Stratton v. Am. Med. Sec., Inc.*, 266 F.R.D. 340, 348 (D. Ariz. 2009) (recognizing that "statutory fraud is more easily shown than common law fraud" because "[u]nder common law, a plaintiff must illustrate that he had the right to rely on the defendant's misrepresentations").

"In claims of negligent misrepresentation, a plaintiff can justifiably rely on a statement when the circumstances would not cause a reasonable person to question the statement's veracity." *Young v. Arizona Summit L. Sch. LLC*, No. CV-16-03490-PHX-DJH,

2018 WL 11470870, at *4 (D. Ariz. June 12, 2018) (finding reliance insufficiently pled where plaintiff claimed she enrolled in a school in reliance on misrepresentations, but the Complaint "failed to allege what she would have done" had she been presented with accurate information). In order to assess the "circumstances" of a plaintiff's reliance, *id.*, a court necessarily must view the statements on which the plaintiff claims to have relied in the context in which they were made, along with any other representations, qualifiers, caveats, or clarifications that may impact whether a reasonable person would have relied on the statement. *See, e.g.*, *Kakarala v. Wells Fargo Bank, N.A.*, No. CV-10-00208-TUC-FRZ, 2012 WL 1458235, at *2–3 (D. Ariz. Apr. 27, 2012) (no justifiable reliance where alleged misstatements that there would be no foreclosure were accompanied by "explicit warnings" that foreclosure was a possibility); *see also Alexander v. Bill Luke Chrysler, Jeep & Dodge, Inc.*, No. 1 CA-CV 13-0324, 2014 WL 2192018, at *2 (Ariz. Ct. App. May 27, 2014) (determination of whether statement can be "reasonably interpreted as a factual assertion" requires consideration of the "context and all surrounding circumstances" of the statement).

Here, as discussed above, many Plaintiffs fail to allege the specific content of any statements by Defendants, and no Plaintiff alleges the surrounding context or circumstances. Cherry-picked screenshots from two emails, a single webpage, and a few enrollment documents certainly do not suffice. Indeed, as discussed above, Plaintiffs' incomplete versions of the webpage and Handbook, in particular, omitted important context that puts the lie to Plaintiffs' allegations of both falsity and justifiable reliance. *See supra* at p. 6–7 (discussing additional statements in UAA's Student Handbook and on UAA's website making it clear that "every student's training time will be different" or that "timing may vary" and that an additional 18 months of flying would be required to obtain necessary certifications). The admission letter and enrollment agreement to which Plaintiffs cite (Compl. ¶¶ 60, 62) fare no better, as both expressly state that the referenced timeframe is only an estimate or an average.[14] This qualifying language that Plaintiffs either ignore or

[14] The preparation (or "Prep") packets to which some Plaintiffs cite likewise include qualifying language that the program takes "*about* a year to complete." *See* e.g., *Id.* ¶¶ 455, 486) (emphasis added).

omit completely shows that the purported misrepresentations are nothing more than statements regarding Plaintiffs' academic potential (i.e., their potential ability to complete the training within 12 months), which, without more, cannot form the basis of Plaintiffs' negligent misrepresentation claim. *See Young*, 2018 WL 11470870, at *3 ("Statements regarding Plaintiff's academic potential, without anything more, cannot form the basis of Plaintiff's fraud and negligent misrepresentation claims."). In addition, the Complaint's allegations as to Plaintiff Howard show that the program could in fact be completed in one year. Compl. ¶¶ 314, 325. The negligent misrepresentation claim should be dismissed for these reasons as well.

Plaintiffs' negligence claim fails because it is merely duplicative of their negligent misrepresentation claim. Where, as here, "the gravamen of a claim of negligence" is negligent misrepresentation, a party cannot pursue a separate negligence claim. *Kuehn v. Stanley*, 208 Ariz. 124, 128, 91 P.3d 346, 350 (App. 2004). In Plaintiffs' "Fifth Claim for [] Negligence," they vaguely allege that Defendants "failed to exercise reasonable and truthful practices in the advertising and marketing of UAA to Plaintiffs" (Compl. ¶ 581), which is essentially the same allegation in their "Second Claim for [] Negligent Misrepresentation" that "Defendants breached that duty [to exercise reasonable care] by unreasonably misrepresenting the character and quality of the UAA program." (*Id.* ¶ 555). Accordingly, Plaintiffs' negligence claim should also be dismissed. *See Constr. Dev. Servs. Inc. v. Wells Fargo Bank, N.A.,* No. CV-14-00400-PHX-JJT, 2014 WL 11514668, at *6 (D. Ariz. Nov. 25, 2014) (dismissing separate negligence claim).

iii. <u>Plaintiffs Fail to Plausibly Allege Fraudulent Misrepresentation and Fraudulent Inducement.</u>

Plaintiffs' claims for fraudulent misrepresentation and fraudulent inducement both require: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate

injury. *Lee v. PHH Mortg.*, No. CV-24-00057-TUC-SHR, 2024 WL 4364139, at *11 (D. Ariz. Sept. 30, 2024); *Pediatria P.C. v. Diopsys, Inc.*, No. 2:12-CV-1949-HRH, 2014 WL 684156, at *6 (D. Ariz. Feb. 21, 2014). Plaintiffs' fraud claims fail because, as with their negligent misrepresentation claim, Plaintiffs fail to allege facts sufficient to show any false representations by Defendants or justifiable reliance on those misrepresentations. *See supra* at p. 16–18.

Additionally, because the alleged statements relate to future conduct, as described above, Plaintiffs must plausibly allege that the statements were made "with the present intention not to perform." *Arnold & Assocs., Inc.*, 275 F. Supp. 2d at 1027. But the Complaint provides only the conclusory assertion that "Defendants made these representations knowing and/or with reason to know that they did not have the necessary resources to accommodate and graduate" the students within one year. *See* Compl. ¶ 63. It offers no well-pled facts to support this conclusion. To the contrary, the Complaint suggests that it *was* possible to progress through UAA's program within one year, and that some students—including Plaintiff Howard—did so. *See id.* ¶¶ 314, 325 (alleged that Plaintiff Howard completed the program in one year), ¶ 52 (alleging the former CEO of UAA "personally intervened in the scheduling process for certain students to ensure those students progressed quicker, despite the affect it had on other students"); ¶ 534 (alleging that UAA "[a]dministrators would favor certain students other than [Plaintiff] for flight scheduling and/or evaluations"). For all of these reasons, the Court should dismiss Plaintiffs' claims of fraudulent misrepresentation and fraudulent inducement.

iv. <u>Plaintiffs Fail to Plausibly Allege Civil Conspiracy.</u>

"Under Arizona law, for a conspiracy action to lie, 'two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages.'" *Ares Funding, LLC v. MA Maricopa, LLC*, No. 06-1102-PHX-ROS, 2006 WL 8440402, at *3 (D. Ariz. Sept. 29, 2006) (internal citations omitted). "Civil conspiracy is a derivative tort, in that it requires two or more individuals to commit 'an underlying tort which the alleged conspirators agreed to commit.'" *Id.* Here, as in *Ares*

*Funding*, "although it is not specifically alleged as such, the underlying tort is the fraud." *Id;* Compl. ¶ 585. Because Plaintiffs have failed to state a claim for the underlying tort of fraud, as discussed above, their civil conspiracy claim fails as well. *Ares Funding*, 2006 WL 8440402 at *3 (dismissing civil conspiracy claim where the underlying tort of fraud failed).

Even if Plaintiffs had sufficiently alleged fraud, their civil conspiracy claim still fails because they have not alleged *any* facts to show the Defendants formed an agreement or had a meeting of the minds, as required for a civil conspiracy claim. *See Thomas v. Stevwing*, 616 F. App'x 271, 272 (9th Cir. 2015) (finding the district court properly dismissed the Plaintiff's conspiracy claim because the plaintiff failed to allege facts sufficient to show that any defendant formed an agreement or had a meeting of the minds). Indeed, Plaintiffs' only allegation is that Defendants, *upon information and belief*, entered into a combination, agreement, or mutual understanding with one another to engage in a scheme to defraud Plaintiffs." Compl. ¶ 585 (emphasis added). Like in *Thomas*, without any supporting factual allegations, this allegation is merely conclusory and fails to save Plaintiffs' civil conspiracy claim. 616 F. App'x at 272; *see also Delacruz v. State Bar of California*, 768 F. App'x 632, 635 (9th Cir. 2019) (finding the district court properly dismissed the plaintiff's conspiracy claims because plaintiff did not plausibly allege facts showing the existence of an agreement).

## III. <u>Several Plaintiffs' ACFA and Negligent Misrepresentation Claims Are Barred By the Statute of Limitations.</u>

The statute of limitations for an ACFA claim is one year. *Alaface v. Nat'l Inv. Co.,* 181 Ariz. 586, 591 (Ct. App. 1994). Pursuant to the discovery rule, the statute begins to run when the plaintiff "discovers or with reasonable diligence could have discovered the fraud." *Id.* (internal citations omitted). Although the Complaint contains no allegations regarding when any of the Plaintiffs allegedly discovered that the UAA program could not be completed within one year, it is clear that any individual Plaintiff's claims must have accrued by one of two dates: (1) the one-year anniversary of that Plaintiff's enrollment (at which time that Plaintiff knew they would not complete the program in one year); or (2) the

date such Plaintiff left the UAA program (because Plaintiffs allege they left the program due to their inability to complete it in one year).

Eleven Plaintiffs filed this lawsuit more than one year after the one-year anniversary of their enrollment at UAA. *See* Compl. ¶¶ 90 (Anderson); 226 (Falls); 244 (Gallegos); 280 (Filipe and Kana Ginza); 290 (Gonzalez); 346 (Lau); 407 (Mills); 436 (Pope); 492 (Tucker); 517 (Watkins). Additionally, seven Plaintiffs filed this lawsuit more than one year following their departure from UAA, by which date they knew about the facts underlying their claim because they allege the reason for their departure was their inability to complete the program within one year. *Id.* ¶¶ 118 (Banabu); 184 (Charles); 195 (Chen); 273, 279 (Garcia); 310–12 (Hall); 398, 400 (Madison); 460 (Ragsdale). Accordingly, these eighteen Plaintiffs' ACFA claims are barred by the statute of limitations.

The statute of limitations for negligent misrepresentation claims is two years. *Hoover v. Ocwen Loan Servicing LLC*, No. CV-18-01309-PHX-ROS, 2019 WL 3816705, at *6 (D. Ariz. Aug. 14, 2019) (citing A.R.S. § 12-543(3)). That statute also begins to run when "'the plaintiff knows, or in the exercise of reasonable diligence should have known, of the defendant's' fraudulent or negligent conduct." *Hoover v. Ocwen Loan Servicing LLC*, No. CV-18-01309-PHX-ROS, 2019 WL 3816705, at *6 (D. Ariz. Aug. 14, 2019) (internal citations omitted). There are six Plaintiffs whose negligent misrepresentation claims are time-barred because more than two years passed between the one-year anniversary of their enrollment or departure from the UAA and the filing of the Complaint. *See* Compl. ¶¶ 184 (Charles); 244 (Gallegos); 290 (Gonzalez); 398, 400 (Madison); 407 (Mills), 436 (Pope). Thus, the statute of limitations necessitates dismissal of these Plaintiffs' negligent misrepresentation claims as well.

## **CONCLUSION**

For the foregoing reasons, Westwind School of Aeronautics Phoenix, LLC d.b.a. United Aviate Academy respectfully requests that this Court dismiss the First through Sixth Claims for Relief in Plaintiffs' Second Amended Complaint, with prejudice, and grant any additional relief that this Court deems just and appropriate.

Dated: July 17, 2025

/s/ Bradley L. Dunn

Bradley L. Dunn
M. Victoria Smith
HINSHAW & CULBERTSON LLP
2375 East Camelback Road, Suite 410
Phoenix, AZ 85016
(602) 631-4400
bdunn@hinshawlaw.com
msmith@hinshawlaw.com

Sondra A. Hemeryck (*pro hac vice*)
Eli J. Litoff (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, IL 60603
(312) 471-8700
shemeryck@rshc-law.com
elitoff@rshc-law.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document has been furnished via E-Mail to David K. TeSelle, dteselle@burgsimpson.com, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., 2390 East Camelback Road, Suite 403, Phoenix, AZ 85016, Attorney for Plaintiffs.

Dated: July 17, 2025 /s/ Candice J. Cromer